[Cite as *Nichols v. Nichols*, 2022-Ohio-575.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

CHRISTOPHER J. NICHOLS,

      PLAINTIFF-APPELLANT,

      v.

YELLY NICHOLS,

      DEFENDANT-APPELLEE.

CASE NO. 14-21-13

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 18 DR 0164

**Judgment Reversed and Cause Remanded**

Date of Decision:  February 28, 2022

APPEARANCES:

    *Jon Klein* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Christopher J. Nichols ("Appellant") brings this appeal from the judgment of the Court of Common Pleas of Union County granting spousal support to defendant-appellee Yelly Nichols ("Appellee"). On appeal, Appellant challenges the length of the spousal support award and the amount of spousal support. For the reasons set forth below, the judgment is reversed.

{¶2} On August 21, 2018, Appellant filed a complaint for divorce. Doc. 2. Appellee filed her answer on September 26, 2018. Doc. 11. A hearing was held on June 20, 2019, before a magistrate. Doc. 31. Prior to the hearing, the parties stipulated to all but 3 issues: 1) the amount of parenting time, 2) the allocation of an asset, and 3) the amount and duration of spousal support. Doc. 32. The magistrate issued his decision on August 21, 2019. Doc. 40. Appellant filed objections to this decision. Doc. 45. On December 12, 2019, the trial court issued its judgment overruling the objections. Doc. 54. On December 17, 2019, the trial court entered judgment ordering Appellant to pay Appellee the sum of $2,400 per month for a term of 72 months, which is the equivalent of one-half the term of the marriage. Doc. 56. On January 15, 2020, Appellant filed his notice of appeal. Doc. 58. On appeal, Appellant challenged the length of the spousal support. *Nichols v. Nichols*, 3d Dist. Union No. 14-20-02 (Dec. 28, 2020). This Court agreed with Appellant that the trial court had failed to impute income to Appellee, even though no evidence was presented that she was unable to work and that certain expenses

were not adequately considered. While the case was pending on appeal, Appellant filed a motion for the amount of spousal support to be modified due to his income decreasing by approximately $45,000. Doc. 71. The record does not indicate that this motion has been addressed in any way. This Court then remanded the matter for further consideration. Upon remand, the trial court imputed income in the amount of $17,768 and used the net amount of $15,558.40. Doc. 82. The trial court then ordered that appellant pay spousal support in the amount of $2,000 a month until Appellee reaches the age of 67, or for approximately a little over 14 years from the effective date of December 17, 2019. Doc. 82. This judgment was entered despite the fact that the marriage only lasted approximately twelve and one-half years. Appellant filed a timely notice of appeal from this judgment and on appeal presents the following assignment of error.

> **The [trial court] committed reversible error in the award of spousal support for fifteen (15) years.**

{¶3} The sole issue before this trial court is the duration of the spousal support. This court notes that Appellee has chosen not to file a brief in this matter. "If an appellee fails to file the appellee's brief within the time provided by this rule, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). One of the factors to be considered when granting spousal support is the duration of the marriage. R.C.

3105.18(C)(1)(e). In *Barrientos v. Barrientos*, this Court has previously addressed the imposition of spousal support that exceeded the length of the marriage. 3d Dist. Hanock No. 5-12-13, 2013-Ohio-424. In *Barrientos*, the trial court ordered that spousal support be awarded to the wife until she was able to first receive social security at the age of 62 due to the wife's inability to work. The result was that support was set to last 11 years, although the marriage had only lasted 8 years. This Court held as follows.

> **Although there is no specific formula or criteria to determine the appropriate length of spousal support, we do not find that it is reasonable to require [the husband] to support [the wife] for eleven years after a marriage of fairly short duration. While we realize that courts often have valid reasons for associating the spousal support payment periods with the dates of retirement eligibility, we believe that there must also be a correlation to the length of the marriage and the other statutory factors. What if [the wife] had been 41 or 31 years old at the time of the divorce? Would the trial court have found it appropriate to order support for twenty-one or thirty-one years under those circumstances?**
>
> **This Court cannot find any other instances, nor has [the wife] provided any citations or references, where a trial court has found it appropriate to order spousal support for a definite period that is longer than the marriage. While each case is unique, and hard and fast rules are not applicable, courts generally award spousal support for lengthy periods after marriages of long duration. *See e.g.*, *Muckensturm v. Muckensturm*, 3d Dist. No. 5-11-38, 2012-Ohio-3062 (eleven years of spousal support, where wife lost ability to earn income after twenty-years of marriage as a homemaker and mother); *Bowen v. Bowen*, 132 Ohio App.3d 616, 627, 725 N.E.2d 1165 (9th Dist. 1999) (listing of marriages of "long duration" – all over twenty years). The duration of the spousal support in this case far exceeds the duration found in similar cases. * * * In fact, in a case with similar facts as here, even when the marriage was one of long duration the trial court limited**

> **spousal support to a shorter period of time.** *See Earnest v. Earnest*, **151 Ohio App.3d 682, 785 N.E.2d 766, 2003-Ohio-704 (11th Dist.) (wife, who had a sporadic employment history and an emotional condition, was awarded five years of spousal support after a twenty-two year marriage).**

*Barrientos* at ¶ 35-36. This Court then found the award of spousal support to be unreasonable given that it exceeded the length of the marriage and remanded the matter for further consideration.

{¶4} In this case, the length of spousal support exceeds the length of the marriage by approximately two years. A marriage of twelve years is not considered to be one of long duration, but rather one of moderate duration. *See Barrientos, supra* and *Mahoney v Mahoney*, 9th Dist. Medina No. 16CA0061-M, 2017-Ohio-7917, ¶ 14. When looking at spousal support for other twelve year marriages, the amount of spousal support is significantly shorter. *See Henderson v. Henderson*, 2d Dist. Greene Nos. 2020-CA-40, 2021-CA-5, 2021-Ohio-3117 (affirming award of four years of spousal support for twelve year marriage), and *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 80084, 2002-Ohio-1386 (approving award of three and a half years of spousal support for a twelve year marriage). The only award found for a twelve year marriage that could possibly exceed the length of the twelve year marriage was in *Mahoney, supra*, when the appellate court determined an indefinite term of spousal support in the amount of $550 per month to the wife who was 75 years of age at the time of the divorce was appropriate given her advanced age.

{¶5} This Court also notes that the trial court originally ordered Appellant to pay spousal support in the amount of $2,400 for a period of 72 months, which would result in a total support of $172,800. Now, without any new evidence besides the imputation of income to Appellee, which was not previously considered, the trial court finds it is appropriate to reduce the monthly amount to $2,000, but increase the period of support to approximately 171 months for a total support of $342,000. This is more than double the original order in both amount and duration for no reason other than the trial court decided Appellee would need the support to make it until she could take full social security benefits at the age of 67.[1] This Court does not find this award to be reasonable when considering it in light of what the trial court originally decided was the appropriate amount.[2] For these reasons, the assignment of error is sustained.

{¶6} Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Union County is reversed and the matter is remanded for further consideration in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**

---

[1] Appellee could obtain benefits at the age of 62, but they would be reduced.
[2] The purpose of spousal support is not to penalize either party. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 70, 554 N.E.2d 83 (1990). A review of the major increase in the duration and total amount of support raises a question of its punitive nature.